UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY SWEENEY,                                   Case No. 13-12761

                    Plaintiff,                   Matthew F. Leitman
v.                                               United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                 Michael Hluchaniuk
                                                 United States Magistrate Judge

                    Defendant.
_____/

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 12)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On June 14, 2013, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to

the undersigned for the purpose of reviewing the Commissioner's decision

denying plaintiff's claim for disability insurance benefits.  (Dkt. 2).[1]  This matter is

before the Court on cross-motions for summary judgment.  (Dkt. 9, 12).

---

[1]  This matter was originally referred to Magistrate Judge Mark A. Randon and was
reassigned to the undersigned on March 27, 2014.  This matter was also originally assigned to
District Judge Thomas L. Ludington and was reassigned to District Judge Matthew Leitman on
May 20, 2014.  (Dkt. 13).

B.     Administrative Proceedings

Plaintiff filed the instant claim for disability and disability insurance

benefits on April 6, 2010, alleging disability beginning December 1, 2009.  (Dkt.

7-2, Pg ID 44).  Plaintiff's claims were initially disapproved by the Commissioner

on August 30, 2010.  (Dkt. 7-2, Pg ID 44).  Plaintiff requested a hearing and on

September 22, 2011, plaintiff appeared, with counsel, before Administrative Law

Judge ("ALJ") Regina Sobrino, who considered the case de novo.  (Dkt. 7-2, Pg

ID 57-71).  In a decision dated December 8, 2011, the ALJ found that plaintiff was

not disabled.  (Dkt. 7-2, Pg ID 44-49).  Plaintiff requested a review of this

decision, and the ALJ's decision became the final decision of the Commissioner

when the Appeals Council, on April 24, 2013, denied plaintiff's request for

review.  (Dkt. 7-2, Pg ID 28-31); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541,

543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

## II.     FACTUAL BACKGROUND

A.     ALJ Findings

Plaintiff was born in 1956 and was 55 years old at the time of the

administrative hearing, and 54 years of age on the alleged disability onset date.

(Dkt. 7-2, Pg ID 57).  Plaintiff had past relevant work as an assembler.  (Dkt. 7-2,

Pg ID 48).  The ALJ applied the five-step disability analysis to plaintiff's claim

and found at step one that plaintiff had not engaged in substantial gainful activity

since the alleged onset date.  (Dkt. 7-2, Pg ID 48).  At step two, the ALJ found that

plaintiff's degenerative joint disease, obstructive sleep apnea, and hypertension

were "severe" within the meaning of the second sequential step, but that plaintiff's

carpal tunnel syndrome was not severe.  (Dkt. 7-2, Pg ID 46).  At step three, the

ALJ found no evidence that plaintiff's combination of impairments met or equaled

one of the listings in the regulations.  (Dkt. 7-2, Pg ID 46).

The ALJ determined that plaintiff had the residual functional capacity

(RFC) to perform light work with no more than occasional climbing and stooping.

(Dkt. 7-2, Pg ID 47).  At Step Four, the ALJ found that plaintiff was able to

perform his past relevant work as an assembler as he performed it and as that job

is performed in the national economy.  (Dkt. 7-2, Pg ID 48-49).  Based on the

foregoing, the ALJ concluded that plaintiff had not been under a disability from

the alleged onset date through the date of the decision.  (Dkt. 7-2, Pg ID 49).

B.     Plaintiff's Claims of Error

According to plaintiff, an ALJ decision finding that a claimant can perform

past relevant work must clearly state the rationale and specifically indicate the

evidence that leads to the conclusion.  In *Hargenrader v. Califano*, 575 F.2d 434 (3d Cir. 1978), the Court held that the ALJ must make full and explicit findings to enable the reviewing court to evaluate the basis of his decision.  Furthermore, in *Young v. Apfel*, 39 F. Supp.2d 1327 (N.D. Okla. 1999), the court indicated that the ALJ, not the VE, must evaluate plaintiff's ability to perform past relevant work.  According to plaintiff, SSR 82-62 requires that the ALJ make specific factual findings detailing how the requirements of plaintiff's past relevant work fit their current limitations and this analysis cannot be delegated to the VE at step four.

Plaintiff argues that the ALJ improperly delegated the analysis regarding past relevant work to the VE.  At the hearing, the ALJ asked the VE to assume four different hypotheticals.  The hypothetical resulted in the VE testifying that he could perform the assembler job as it is normally performed in the regional and national economy.  (Tr. 43).  In her decision, the ALJ denied plaintiff benefits by indicating that he could perform his past relevant work, in accordance with the first three hypotheticals posed to the VE at the hearing.  (Tr. 41-43).  Plaintiff contends that this improper shift of the ALJ's fact-finding responsibility was an error of law that requires a remand for further proceedings.  According to plaintiff, the ALJ merely concludes that he would be able to perform his past work with insufficient evidence to back that up.  Plaintiff asserts that the ALJ ignored the testimony of the VE regarding any walking more than two hours in an eight hour

day, and how, if required, it would be work preclusive. (Tr. 47). If the judge

would have considered the follow-up questions in the final hypothetical, plaintiff

maintains that it would be clear that he was unable to perform his past relevant

work or any other work.

    According to plaintiff, the ALJ opined, contrary to the uncontroverted

evidence presented, that he could perform his past relevant work. (Tr. 21).

Plaintiff again asserts that the ALJ improperly passed on the decision-making to

the VE in the ability to perform his past work, and in the alternative, the ALJ

failed to follow a hypothetical question that was representative of his abilities and

limitations. Plaintiff contends that, instead, the ALJ asked a number of

hypotheticals that merely minimized the claimant's limitations. Plaintiff asserts

that the ALJ's determination did not include the following specific findings of

fact: (1) as to the individual's RFC; (2) as to physical and mental demands of the

past job or occupation; and (3) whether the individual's RFC would permit a

return to their job or occupation. See SSR 82-62. According to plaintiff, there are

no specific findings as to why the ALJ chose to ignore his testimony of his

impairments and the limiting effects of those impairments, and contrary to the

medical evidence posed a hypothetical that vastly ignored plaintiff's true

limitations and abilities. At the hearing, the ALJ asked the VE to assume a

hypothetical that led to the VE testifying that plaintiff would be able to perform

his past relevant work.  According to plaintiff, this improper shift of the ALJ's fact-finding responsibility was an error of law that requires a remand for further proceedings.  Plaintiff argues that the decision of the ALJ should be reversed and benefits awarded, as there is substantial evidence supporting the ALJ's follow-up questions – one's requirement to stand and walk greater than 2 hours in an 8 hour day, which should have been considered a separate and distinct hypothetical rather than mere follow-up questions – that concludes there is no past work or any other work he would be able to perform.  (Tr. 46).

Plaintiff also disputes the ALJ's credibility findings.  Plaintiff testified at the hearing that he can stand up for about 40-45 minutes before he has to sit down, and if he walks or stands for too long – about 20 minutes – he needs to switch positions and rest his back.  (Tr. 31).  In addition to his limitations of walking, standing, and sitting, he also has trouble lifting items.  (Tr. 32).  Because of this, he is unable to work.  Due to the fact that he has had numerous severe impairments, plaintiff contends that it is unlikely, and rather flawed, to find, as the ALJ did in hypotheticals 1 through 3, that he would be capable of occasionally doing climbing and stooping.  (Tr. 20).  According to plaintiff, finding that he is capable of performing his past relevant work subject to the above does not adequately address his physical limitations.  (Tr. 20).  To subject plaintiff to perform these positions would further his symptoms to the point of him requiring

further treatment, or worse, being rendered completely incapacitated.  Plaintiff

contends that requiring someone with these disabilities to be subjected to the

possibility of more pain and humiliation is not justified and is inhumane.  Even the

ALJ indicated that the "claimant's medically determinable impairments could

reasonably be expected to cause the alleged symptoms;" yet the claimant's

statements concerning the intensity, persistence, and limiting effects are "not fully

credible."  (Tr. 21).  Plaintiff contends that he is incapable of performing his past

relevant work because this job requires sitting or standing for extended periods of

time, possible walking, bending, kneeling, crouching, stooping, reaching, hearing,

crawling and power tools.  Therefore, plaintiff is not capable of performing this

work, or any work.  Further, his condition requires him to take unscheduled breaks

throughout the day.  To this, the employer would consider his performance

inadequate.  The VE even testified to that by saying that plaintiff would not be

capable of sustaining competitive employment if precluded from walking more

than 2 hours in an 8 hour workday.  (Tr. 46).

  C.    The Commissioner's Motion for Summary Judgment

While plaintiff contends that the ALJ failed to adequately evaluate his

credibility and formulated a hypothetical question that failed to accurately portray

his limitations, the Commissioner contends that plaintiff does not identify any

specific impairment or limitation that should have been included in the

hypothetical or the RFC.  Instead, he claims that he is unable to work because of back and wrist pain. (Tr. 30).  According to the Commissioner, plaintiff also states, in conclusory fashion, that the ALJ's disability determination is not supported by the evidence of record.  In essence, he argues that because he has documented impairments and testified that he is unable to work, the ALJ should have found him disabled.  However, the Commissioner asserts that plaintiff fails to provide any meaningful discussion of the medical evidence or other evidence of record to support his arguments.  This Court found that the claimant waived a similar argument in *Burger v. Commissioner of Social Security*, 2013 WL 2285375 (E.D. Mich. 2013).  "[Issues] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).  According to the Commissioner, plaintiff's failure to explain why the ALJ's credibility finding was erroneous leaves "the Commissioner and this Court to wonder why he thinks the ALJ should have been required to find him credible." *Burger*, 2013 WL 2285375 at *5 (quoting the Commissioner's brief in that case).  Plaintiff has not presented any argument as to why that testimony had to be believed.  To the extent that an argument can be discerned, plaintiff appears to argue that the ALJ can only properly consider a claimant's testimony by accepting that testimony.  The Commissioner asserts that well-established law is to the contrary.  *See Casey v.*

*Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ . . . is required to incorporate only those limitations accepted as credible by the finder of fact.").

The Commissioner also argues that the ALJ's credibility finding, which is entitled to deference, is well-supported. Plaintiff complained that he could only sit 30 minutes at a time, stand 45 minutes at a time, and walk 20 minutes at a time. (Tr. 30). Plaintiff also alleged that he could only lift three to four pounds. (Tr. 31). In finding that plaintiff retained the capacity to work, the ALJ did not summarily reject all of plaintiff's allegations. To the contrary, the ALJ recognized that plaintiff's degenerative joint disease, obstructive sleep apnea, and hypertension were severe impairments because they imposed more than minimal limitations on his ability to perform basic work activities. (Tr. 19); 20 C.F.R. § 404.1521 (defining severe impairments). According to the Commissioner, the ALJ reasonably determined that, despite these impairments, plaintiff could perform light work, except that he could not perform more than occasional climbing or stooping. (Tr. 20). The ALJ's residual functional capacity finding (RFC) reflects that she credited some of plaintiff's complaints to the extent that they were supported by the record. *See* 20 C.F.R. § 404.1545(a) (your residual functional capacity is the most you can still do despite your limitations). However, the Commissioner asserts that the ALJ reasonably declined to adopt

plaintiff's allegations of disabling pain or symptoms.

For instance, the Commissioner points out that the ALJ explained that the objective evidence did not fully support plaintiff's allegations. (Tr. 21). While objective evidence is not the only factor relevant to determining the credibility of a claimant's symptoms, it remains a "useful indicator" for the ALJ when evaluating the credibility of plaintiff's symptoms. *See* 20 C.F.R. § 404.1529(c)(2). The ALJ noted that plaintiff underwent a physical evaluation in August 2010 with Clifford Buchman, D.O. Although plaintiff reported back, wrist, and groin pain, his only abnormal finding was a restricted lumbar range of motion. (Tr. 214). Dr. Buchman stated that there was no significant objective evidence of ongoing pathology and opined that plaintiff could work without limitations. (Tr. 218). Dr. Buchman's findings and opinion are substantial evidence in support of the ALJ's RFC finding and credibility determination.

According to the Commissioner, the record does not indicate that plaintiff's condition deteriorated or declined following the August 2010 examination. In November 2010, plaintiff was evaluated by a physical therapist for pain in his lower back and wrists. (Tr. 228-30). The physical therapist noted that plaintiff had signs and symptoms consistent with muscular involvement of the lower back. (Tr. 230). However, just one month later, a physical therapy note showed that plaintiff had made progress with his range of motion and strength in his lower

back.  (Tr. 248).  While these notes provide some support that plaintiff had ongoing pain, the Commissioner contends that they do not reflect that he was entirely disabled.  To the extent that plaintiff complained of difficulty lifting and pain in his wrists, the ALJ noted that the record did not document a diagnosis of carpal tunnel syndrome or osteoarthritis.  (Tr. 21).  Although plaintiff was unable to show the existence of an underlying medical impairment that would affect his hands, the ALJ somewhat credited plaintiff's complaints by limiting him to light work, which requires frequent lifting of objects weighing up to 10 pounds and no more than 20 pounds.  (Tr. 20).  20 C.F.R. § 404.1567(b).  Plaintiff has failed to produce medical evidence or an opinion showing that he had greater limitations than the ALJ found.

The Commissioner also points out that, as required by the regulations, the ALJ discussed other evidence of record in addition to the objective medical evidence.  *See* 20 C.F.R. § 404.1529(c)(3) (listing the factors an ALJ may consider in evaluating a claimant's credibility).  For example, the ALJ noted inconsistencies between plaintiff's level of his reported activities and his allegations of disabling pain.  (Tr. 26).  *See* 20 C.F.R. § 404.1529(c)(3)(i) (an ALJ may consider a claimant's daily activities in evaluating his credibility).  During his examination with Dr. Buchman, plaintiff stated that he could drive, do some housework, and care for his personal needs.  (Tr. 217).  Plaintiff's report was

consistent with his questionnaire responses about his daily activities that he completed when he applied for benefits.  Plaintiff reported that he could care for himself, do some light housework, shop, drive a car, and prepare simple meals. (Tr. 152-55).  Although the ALJ did not find that these activities were commensurate with any type of specific work activity, they did not lend support to plaintiff's claim that he was disabled or as limited as he alleged.

According to the Commissioner, the ALJ also explained that plaintiff's treatment history did not support the severity of his allegations.  (Tr. 21).  20 C.F.R. § 404.1529(c)(3)(iv)-(v) (an ALJ may consider a claimant's treatment or other measures used to relieve pain).  The ALJ noted that, since his alleged onset date of disability, plaintiff had not needed surgery, had not been hospitalized, and had not received pain management services.  (Tr. 21).  The Commissioner acknowledges that a claimant need not show that he was hospitalized in order to be eligible for disability benefits, but contends that plaintiff's minimal treatment history does not reflect that his symptoms were so severe as to render him completely unable to work.

According to the Commissioner, the ALJ's decision reflects that she thoroughly and carefully considered whether plaintiff's allegations were supported by the record.  While plaintiff may disagree with the ALJ's credibility assessment, the Commissioner asserts that he has failed to demonstrate a basis for overturning

the finding, especially in light of the great weight and deference that an ALJ's credibility finding is entitled to on review.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  Because the ALJ's credibility finding is supported by substantial evidence, the Commission maintains that it should not be disturbed.

The Commissioner also urges the Court to reject plaintiff's argument that the ALJ improperly delegated her analysis regarding past relevant work to the vocational expert.  According to the Commissioner, plaintiff contends that the ALJ should not have relied on vocational expert testimony that plaintiff could perform his past relevant work because it is the ALJ, and not the vocational expert, that must evaluate plaintiff's ability to perform past relevant work.  Contrary to plaintiff's argument, the Commissioner contends that the Sixth Circuit has held that vocational expert testimony may constitute substantial evidence to support the ALJ's determination that the claimant is able to perform past relevant work.  *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed.Appx. 425, 429 (6th Cir. 2007).  Indeed, this Court recently rejected an identical argument to the one that Plaintiff now raises.  *Lopez v. Comm'r of Soc. Sec.*, 2013 WL 6409959, *7 (E.D. Mich. 2013) (Claimant's "argument that the ALJ committed legal error by relying on [vocational expert] testimony to support her determination that plaintiff was able to perform his past relevant work is without merit.").  Accordingly, the

Report and Recommendation
Cross-Motions for Summary Judgment
*Sweeney v. Comm'r*; Case No. 13-12761

Commissioner asks the Court to find that the ALJ did not err in concluding that plaintiff was not disabled.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding

Report and Recommendation
Cross-Motions for Summary Judgment
*Sweeney v. Comm'r*; Case No. 13-12761

whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the

Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing, *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the

16

administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.")

(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,

198 Fed. Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et

seq.*). Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled. F. Bloch,

Federal Disability Law and Practice § 1.1 (1984). While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

               inability to engage in any substantial gainful activity by

> reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits

are denied.

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.      Analysis and Conclusions

1.      The Vocational Testimony

Plaintiff disputes the finding that he could perform her past relevant work as an assembler, contending that the ALJ improperly delegated her authority to the vocational expert in making the Step Four finding.  Plaintiff asserts that the ALJ asked the vocational expert to assume a hypothetical that led to the expert testifying that plaintiff would be able to perform his past relevant work.  Plaintiff also argues that the choice of hypothetical limitations posed to the vocational expert did not reflect his true limitations, and that the ALJ did not abide by the requirements for a Step Four determination, as set forth in SSR 82-62.

Social Security Ruling 82-61 outlines the Commissioner's framework for evaluation at Step Four of the sequential analysis.  The Commissioner first considers whether the claimant has the RFC to perform the functional demands and duties of the past job as actually performed by the claimant.  SSR 82-61, 1982 WL 31387, at *2 (1982).  If so, the claimant is not disabled.  If the claimant is deemed unable to fulfill the job duties of the position as actually performed, the Commissioner is required to consider whether the claimant can perform the functional demands and job duties of the occupation "as generally required by employers throughout the national economy."  *Id*.  Again, if so, the claimant is not disabled.

The ALJ here determined that plaintiff had the residual functional capacity to perform light work, with occasional stooping and climbing.  When asked to assume a hypothetical individual with plaintiff's RFC, the vocational expert testified that such a person could perform an assembler job, which is light[2] and unskilled, as typically performed in the economy.  (Dkt. 7-2, Pg ID 68-69; Dkt. 7-6, Pg ID 198).  The VE testified that even with a limitation to simple, routine, repetitive work involving one or two-step tasks and a limitation on frequent handling, fingering and feeling, the ability to perform, this job is not affected.  The ALJ then found that plaintiff was capable of performing his past relevant work as an assembler because this work does not require the performance of work-related activities precluded by plaintiff's RFC.  (Dkt. 7-2, Pg ID 48).  The ALJ concluded, based on the VE's testimony, that a hypothetical worker with plaintiff's RFC

---

[2] "Light work" is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

could perform plaintiff's past work as an assembler as plaintiff performed that job and as that job is performed in the national economy.  (Dkt. 7-2, Pg ID 49).  Thus, the ALJ properly found, pursuant to SSR 82-61, that plaintiff can perform the functional demands and job duties of the assembler position "as actually  and generally performed," and therefore plaintiff is not disabled, and this finding is supported by substantial evidence.  Plaintiff's argument that the limitations to occasional stooping and climbing in his RFC preclude him from performing his past relevant work are also without merit.  A limitation to occasional stooping or occasional climbing does not significantly erode the occupational base for light work.  *See Budzinski v. Comm'r of Soc. Sec.*, 2012 WL 938148, *4 (E.D. Mich. 2012); *Goble v. Comm'r of Soc. Sec.*, 2012 WL 832356, *10 (N.D. Ohio 2012).  More importantly, plaintiff fails to explain or support how these limitations as found by the ALJ in the RFC preclude him from performing his past relevant as he performed it or as performed in the national economy.

To the extent plaintiff contends that the ALJ erred in consulting a vocational expert in determining whether plaintiff was capable of returning to his past relevant work, that argument fails.  It is well-settled that an ALJ is permitted, but is not required, to elicit the testimony of a vocational expert at Step Four of the sequential analysis.  *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010); 20 C.F.R. § 404.1560(b)(2) ("We *may* use the services of

Report and Recommendation
Cross-Motions for Summary Judgment
*Sweeney v. Comm'r*; Case No. 13-12761

vocational experts . . . to help us determine whether you can do your past relevant work[.]") (emphasis added); *see also Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007) ("The regulations *permit* an ALJ to use the services of a vocational expert at step four to determine whether a claimant can do his past relevant work, given his RFC.") (emphasis added).  While "'the ultimate responsibility for making the necessary findings at step 4 rests with our adjudicators, we believe that it is appropriate for our adjudicators to consider evidence from a VE, VS . . . ."  *Merkel v. Comm'r of Soc. Sec.*, 2008 WL 2951276, at *3-4 (E.D. Mich. July 29, 2008) (citing 20 C.F.R. § 404.1560(b)).  Thus, the ALJ's reliance upon the vocational expert's testimony to support his Step Four determination of non-disability was entirely proper.

And, plaintiff's argument that the ALJ did not abide by the requirements of SSR 82-62 in making the Step Four finding is also without merit.  As explained above, in making the Step Four determination, a three-prong test must be met in order to find that a claimant can return to her past relevant work: (1) a finding of fact as to plaintiff's RFC; (2) a finding of fact as to the physical and mental demands of the past job; and (3) a finding of fact that plaintiff's RFC permits a return to that past job.  SSR 82-62, 1982 WL 31386, at *2.  The ALJ complied with these requirements by making a detailed RFC determination and finding that plaintiff's ability to perform light work met the requirements for the position of

assembler, as that position was actually and generally performed.  *See Morrow v. Comm'r of Soc. Sec.*, 2014 WL 1908284, at *8 (E.D. Mich. 2014) ("With his residual functional capacity assessment and the vocational expert's testimony in hand, the ALJ was in position to conclude at step four that Morrow could perform her past relevant work as a file clerk.").  While plaintiff urges the Court to accept his professed degree of limitation, the ALJ's findings are well within the discretion allotted to the administrative fact finder.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Further, contrary to plaintiff's complaint that the ALJ erred by "ignoring" the hypothetical limitation that plaintiff would not be capable of sustaining competitive employment if precluded from walking more than two hours in an eight-hour workday, the undersigned suggests that the exclusion of this limitation is well supported.  "The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts."  *Redfield v. Comm'r of Soc. Sec.*, 366 F. Supp.2d 489, 497 (E.D. Mich. 2005).  "In fashioning a hypothetical question to be posed to a vocational expert, the ALJ is required to incorporate only those limitations he accepts as credible."  *Griffeth*, 217 Fed. Appx. at 429.  "An ALJ is not required to accept a claimant's subjective complaints, and 'can present a hypothetical to the VE on the basis of his own

Report and Recommendation
Cross-Motions for Summary Judgment
*Sweeney v. Comm'r*; Case No. 13-12761

assessment if he reasonably deems the claimant's testimony to be inaccurate.'" *Id.* (quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003)). Plaintiff has failed to cite to any record evidence to support the inability to walk more than two hours in an eight-hour work day, and as explained below, the ALJ's credibility determination is supported by substantial evidence. Accordingly, the ALJ was not required to include that limitation in plaintiff's RFC and plaintiff's claim of error fails. *See Stanley*, 39 F.3d at 118 ("[T]he ALJ is not obligated to incorporate unsubstantiated complaints into his hypotheticals.").

### 2.    The Credibility Determination

Plaintiff also takes issue with the ALJ's credibility determination, arguing in effect that the ALJ erred by discounting his testimony supporting a disability finding. The Commissioner responds that plaintiff's charges are unfounded because he fails to refer to any medical evidence improperly discounted by the ALJ and in fact does not refer to any medical evidence in the record. The Commissioner asserts that plaintiff's argument is so perfunctory as to amount to a waiver of that argument. The undersigned recognizes that plaintiff neither offers an account of his medical record as part of his motion nor does he assert that the ALJ's interpretation of his medical record was error. Rather, plaintiff attacks the ALJ's determination with regard to his credibility, arguing only that his testimony establishes that he is disabled. The undersigned agrees with the Commissioner

that the credibility argument presented by plaintiff's counsel is not well developed, but will nevertheless address plaintiff's credibility challenge.  As the Commissioner asserts, the ALJ's finding is consistent with the medical record and supported by substantial evidence.  The undersigned agrees.

The credibility determination, guided by SSR 96-7p, describes a two-step process for evaluating symptoms.  *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1983).  "First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment . . . that can be shown by medically acceptable clinical and laboratory diagnostic techniques."  *Id.*.  Second, SSR 96-7p directs that, whenever a claimant's allegations regarding "the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must analyze his testimony "based on a consideration of the entire case record."  *Id.*  Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ.  *See, e.g., Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  It is the ALJ's function to determine credibility issues, *see Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987), and the court does not make its own credibility determinations.  *See Walters*, 127 F.3d at 528.  Rather, the court's "review of a decision of the Commissioner of Social Security, made through an

administrative law judge, is extremely circumscribed. . . ." *Kuhn v. Comm'r of Soc. Sec.*, 124 Fed. Appx. 943, 945 (6th Cir. 2005). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 485, 488 (6th Cir. 2005). "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey*, 987 F.2d at 1234; *see White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009). However, credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *See Walters*, 127 F.3d at 531.

Plaintiff contends that the ALJ's analysis was not supported by substantial evidence based solely on his testimony as to his limitations. However, as the relevant Social Security regulations make clear, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled." 20 C.F.R. §§ 404.1529(a), 416.929. Instead, the Sixth Circuit has repeatedly held that "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *See Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 801 (6th Cir. 2004); *see also Moon v. Sullivan*, 923 F.2d 1175, 1182-83 (6th Cir. 1990) ("[T]hough Moon alleges fully disabling and debilitating symptomology, the ALJ, may distrust a

claimant's allegations . . . if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other.").

The undersigned suggests that the ALJ's credibility findings were both well explained and well supported. In the view of the undersigned, the ALJ reasonably declined to adopt plaintiff's allegations of disabling pain or symptoms and explained that the objective evidence did not fully support plaintiff's allegations. While objective evidence is not the only factor relevant to determining the credibility of a claimant's symptoms, it remains a "useful indicator" for the ALJ when evaluating the credibility of plaintiff's symptoms. *See* 20 C.F.R. § 404.1529(c)(2). The ALJ noted that plaintiff underwent a physical evaluation in August 2010 with Clifford Buchman, D.O. Although plaintiff reported back, wrist, and groin pain, his only abnormal finding was a restricted lumbar range of motion. (Tr. 214). Dr. Buchman stated that there was no significant objective evidence of ongoing pathology and opined that plaintiff could work without limitations. (Tr. 218). The undersigned agrees with the Commissioner that Dr. Buchman's findings and opinion are substantial evidence in support of the ALJ's RFC finding and credibility determination.

In November 2010, plaintiff was evaluated by a physical therapist for pain in his lower back and wrists. (Tr. 228-30). The physical therapist noted that plaintiff had signs and symptoms consistent with muscular involvement of the

Report and Recommendation
Cross-Motions for Summary Judgment
*Sweeney v. Comm'r*; Case No. 13-12761

lower back. (Tr. 230). However, just one month later, a physical therapy note showed that plaintiff had made progress with his range of motion and strength in his lower back. (Tr. 248). While these notes provide some support that plaintiff had ongoing pain, they do not reflect total disability. To the extent that plaintiff complained of difficulty lifting and pain in his wrists, the ALJ noted that the record did not document a diagnosis of carpal tunnel syndrome or osteoarthritis. (Tr. 21). Although plaintiff was unable to show the existence of an underlying medical impairment that would affect his hands, the undersigned agrees with the Commissioner that the ALJ somewhat credited plaintiff's complaints by limiting him to light work, which requires frequent lifting of objects weighing up to 10 pounds and no more than 20 pounds. (Tr. 20). Significantly, plaintiff has failed to produce medical evidence or an opinion showing that he had greater limitations than the ALJ found.[3] *See Maher v. Sec'y of Health and Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").

------

[3]   At the hearing, plaintiff's counsel indicated that updated medical records from plaintiff's primary care physician would be provided. (Dkt. 7-2, Pg ID 55-56). On October 22, 2011, plaintiff's counsel wrote to the ALJ indicating that Dr. Ghalib's office refused to release the records because of an outstanding bill plaintiff owed and requested a subpoena to obtain the records. (Dkt. 7-6, Pg ID 199). The ALJ waited until January 6, 2012 to issue a decision and it does not appear that additional records were ever provided. In any event, this issue was not raised as a potential error by plaintiff.

In support of the credibility analysis, the ALJ also properly noted inconsistencies between plaintiff's level of his reported activities and his allegations of disabling pain.  (Tr. 26).  *See* 20 C.F.R. § 404.1529(c)(3)(i) (an ALJ may consider a claimant's daily activities in evaluating his credibility).  During his examination with Dr. Buchman, plaintiff stated that he could drive, do some housework, and care for his personal needs.  (Tr. 217).  Plaintiff's report was consistent with his questionnaire responses about his daily activities that he completed when he applied for benefits.  Plaintiff reported that he could care for himself, do some light housework, shop, drive a car, and prepare simple meals. (Tr. 152-55).  The ALJ also explained that plaintiff's treatment history did not support the severity of his allegations.  (Tr. 21).  20 C.F.R. §404.1529(c)(3)(iv)-(v) (an ALJ may consider a claimant's treatment or other measures used to relieve pain).  The ALJ noted that, since his alleged onset date of disability, plaintiff had not needed surgery, had not been hospitalized, and had not received pain management services.  (Tr. 21).  The Commissioner correctly acknowledges that a claimant need not show that he was hospitalized in order to be eligible for disability benefits, but in the view of the undersigned, the ALJ properly concluded that plaintiff's minimal treatment history does not reflect that his symptoms were so severe as to render him completely unable to work.

"A claimant's severe impairment may or may not affect his or her functional

30

capacity to do work.  One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004).  "The regulations recognize that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms."  *Griffeth*, 217 Fed. Appx. at 429; 20 C.F.R. § 404.1545(e).  Thus, while the medical evidence indicates that plaintiff does have severe impairments as noted by the ALJ, it does not specifically support plaintiff's testimony regarding the extent of his limitations.  Indeed, there is evidence to support the ALJ's finding that plaintiff was able to perform light work, and thus there is substantial evidence to support the ALJ's finding that plaintiff was not fully credible, and the plaintiff's claim of error should be denied.

Because the ALJ reached his decision using correct legal standards and because those findings were supported by substantial evidence, the Court must affirm it, even if reasonable minds could disagree on whether the individual was disabled or substantial evidence could also support a contrary result.  *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: August 14, 2014                      s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>August 14, 2014</u>, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to the following: <u>Richard J. Doud, Niranjan Emani and Theresa M.
Urbanic</u>.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov